UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JEROME MORRIS,

       Petitioner,

                                      CASE NO. 15-cv-11672
v.                                       HONORABLE SEAN F. COX

MARY BERGHUIS,

       Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR BAIL
(DOCKET NO. 6),
BUT GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME
(DOCKET NO. 11)</u>**

### I.    Introduction

Petitioner Michael Jerome Morris has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for: conducting a criminal enterprise, Mich. Comp. Laws § 750.159i(1); conspiracy to commit false pretenses involving a value of $20,000 or more, Mich. Comp. Laws § 750.157a; and three counts of false pretenses involving a value of $20,000 or more, Mich. Comp. Laws § 750.218(5)(a). On December 22, 2010, the trial court sentenced Petitioner to imprisonment for seventy months to twenty years for the criminal-enterprise conviction and to concurrent terms of five to ten years for the conspiracy and false pretenses convictions. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence, *see People v. Morris*, No. 303102, 2013 WL 6244700 (Mich. Ct. App. Dec. 3, 2013), and on May 27, 2014, the Michigan Supreme

Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Morris*, 495 Mich. 1007; 846 N.W.2d 401 (2014).

Petitioner alleges in his habeas petition that: (1) his right to due process was violated by the admission of a default judgment entered against him in a civil fraud case; (2) trial counsel was ineffective for failing to (a) call material witnesses, (b) investigate and present documentary evidence, (c) cross-examine and impeach witnesses, and (d) make objections; (3) the prosecution presented insufficient evidence at trial; and (4) the prosecutor committed misconduct by (a) arguing inaccurate facts, (b) characterizing a valid contact as a phony agreement, and (c) making false and misleading statements during closing arguments.

The State argues in an answer to the habeas petition that Petitioner procedurally defaulted his fourth claim and that the state court's rejection of Petitioner's claims did not result in decisions that were contrary to federal law, unreasonable applications of federal law, or unreasonable determinations of the facts. Currently pending before the Court are Petitioner's motion for release on bail and his motion for an extension of time to file objections to the State's answer to his habeas petition.

## II. The Motion for Bail

In his first motion, Petitioner seeks release on bail pending the Court's review of his habeas petition. Petitioner asserts that he was released on bond pending the state appellate court's decision in his case and that he surrendered to the authorities when the Michigan Court of Appeals affirmed his convictions. He further alleges that he is actually innocent of the charges for which he was convicted, that he has the support of prominent community members, and that he will be gainfully employed if released.

The State opposes Petitioner's motion for release on bail on the basis that Petitioner has not presented any substantial claims of law in his habeas petition. The State also contends that Petitioner has not shown some circumstance making the motion for bail exceptional and deserving of special treatment and that Petitioner is not an appropriate candidate for release.

The Court notes that Petitioner

> is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.

*Aronson v. May*, 85 S. Ct. 3, 5 (1964)(citations omitted).

"Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). "[A]s a practical matter, . . . motions for bail will be denied in most of the habeas proceedings," as there will be few occasions when a petitioner will meet the standard established in *Aronson. Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

The Court is not persuaded that Petitioner's habeas claims present substantial questions. The Michigan Court of Appeals, in fact, found that Petitioner was the leader of the criminal enterprise and that there was sufficient evidence to sustain Petitioner's convictions. The Court of Appeals also determined that Petitioner did not preserve his

3

prosecutorial-misconduct claim for appeal. The Court of Appeals rejected Petitioner's other claims for lack of merit or because the claimed errors were harmless. The state court's adjudication of Petitioner's claims on the merits is entitled to deference under 28 U.S.C. § 2254(d).

Even if the Court were to conclude that the habeas "petition raises a substantial question of law, '[m]erely to find that there is a substantial question is far from enough.' " *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972)). Petitioner also has to persuade the Court that exceptional circumstances exist to warrant granting bail.

In support of his motion, Petitioner has submitted copies of letters that friends and community members wrote to the Archdiocese of Washington, D.C. in 2013 when the Diocese apparently was considering Petitioner for a coaching job with youth. The letters indicate that Petitioner is a man of impeccable character and great integrity. In addition, the owner of a construction company in the Washington, D.C. area has informed the Court that he is willing to offer Petitioner employment as a project manager if the Court releases Petitioner on bail.

The Court nevertheless does not believe that Petitioner's assertions or the letters written in his behalf present exceptional circumstances warranting release on bail. Furthermore, because Petitioner was sentenced to a relatively lengthy term of incarceration,[1] there is a risk that he would flee if he were released on bail. The Court therefore denies Petitioner's motion for release on bail (docket no. 6).

---

[1] Petitioner's earliest release date is April 9, 2018; his maximum discharge date is June 8, 2032. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber =786171.

### III.  The Motion for Extension of Time

In his motion for extension of time, Petitioner seeks a thirty-day extension of time to file a reply to the State's answer to his habeas petition. On June 3, 2015, the Court gave Petitioner forty-five days from the date of the State's answer to file a reply.  *See* Order Requiring Responsive Pleading, docket no. 4, ¶3.  The State filed its answer to the petition on November 24, 2015.  *See* Answer in Opp'n to Pet. for Writ of Habeas Corpus, docket no. 9.  Therefore, the deadline for filing a reply became January 8, 2016.  Petitioner, however, filed his motion on December 24, 2015, before the deadline for filing his reply expired, and the Court may grant an extension of time in such circumstances for "good cause."  Fed. R. Civ. P. 6(b)(1)(A).  Petitioner alleges that he did not receive the State's answer to his habeas petition until December 4, 2015, that he has limited access to a law library, and that he needs additional time to respond to the State's 125-page responsive pleading.

Petitioner has established "good cause" for extending the time to file his reply. The Court therefore grants the motion for extension of time (docket no. 11) and extends the deadline until **February 22, 2016**.

                                            S/ Sean F. Cox
                                            SEAN F. COX
                                            UNITED STATES DISTRICT JUDGE

Dated: January 7, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 7, 2016, by electronic mail and ordinary mail to:

**Michael Morris #**786171
WEST SHORELINE CORRECTIONAL FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444

        S/Kelly Winslow for Jennifer McCoy
        Case Manager Generalist